UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ASHTON E. BRUMBERLOW<br><br>Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:19-cv-01121<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

**NOW COMES** Ashton E. Brumberlow ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of The CBE Group, Inc. ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

#### PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is a foreign corporation, registered as a debt collector with the Illinois Secretary of State. Defendant is registered to do business in Illinois, and may be served with process upon its registered agent, Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

### FACTS SUPPORTING CAUSES OF ACTION

6. Prior to the events giving rise to this cause of action, Plaintiff obtained his personal electric services through Ameren Illinois ("subject debt").

7. Sometime thereafter, Plaintiff fell upon difficult financial times and defaulted on the subject debt.

8. Consequently, Defendant acquired the right to collect on the subject debt.

9. Around late July 2019, Defendant began placing collection calls to Plaintiff's cellular telephone number (618) XXX-2046, in an attempt to collect on the allegedly defaulted subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 2046.

11. On August 14, 2019, Plaintiff answered a call from Defendant and confirmed his identity. Since this date, Defendant has placed numerous harassing collection calls to Plaintiff's cellular phone.

12. Afterward, Plaintiff answered another call from Defendant. During this call, Plaintiff spoke with Defendant's representative and informed him that he was unable to make a payment due to his financial situation. Defendant's representative assured him the calls would cease.

13. On September 16, 2019, Defendant abusively placed eight collection calls to Plaintiff's cellular telephone.

14. Subsequently, Plaintiff answered another call from Defendant. During this call, Plaintiff requested that Defendant stop calling him.

15. In total, Defendant placed or caused to be placed no less than 47 harassing phone calls to Plaintiff's cellular telephone from August 2019 through the present day, with calls taking place on back to back days, and multiple calls in one day.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

18. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

24. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

27. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a.  Violations of FDCPA § 1692c**

28. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

29. Furthermore, Defendant has relentlessly called Plaintiff on no less than 47 occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

31. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

32. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 47 harassing phone calls to Plaintiff's cellular telephone from August 2019, through the present day, with calls taking place on back to back days. Moreover, Defendant placed up to eight calls in one day to Plaintiff's cellular phone.

### c. Violations of FDCPA § 1692e

33. Defendant violated §1692e by engaging in false, deceptive, and misleading communications is connection with collecting the subject debt. Specifically, Defendant falsely stated it would cease calling Plaintiff due to his financial situation in an effort to coerce Plaintiff into making a payment on the subject debt. Defendant did no such thing, and continued to call Plaintiff in an attempt to collect the subject debt.

### d. Violations of FDCPA § 1692f

34. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after Plaintiff requested that the calls stop. By

placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls.

36. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ASHTON E. BRUMBERLOW respectfully requests that this Honorable Court:
- a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
- b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
- c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
- d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 15, 2019

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com